Nelson Bunker HUNT et al., Plaintiffs,

v.

COMMODITY FUTURES TRADING
COMMISSION, Defendant.

Civ. A. No. 78–1787.

United States District Court,
District of Columbia.

Nov. 30, 1979.

**48**

John D. Grad, Alexandria, Va., for plaintiffs.

Kathy Bourne, Asst. U. S. Atty., William Briggs, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

*Introduction*

Plaintiffs are large traders in the commodities market, who have been under investigation by and involved in protracted legal and administrative proceedings with defendant, the Commodity Futures Trading Commission (the Commission), for several years. Plaintiffs initiated this action under the Freedom of Information Act (the FOIA), 5 U.S.C. § 552 *et seq.*, seeking disclosure of documents being withheld from them by defendant.

On January 3, 1978, plaintiffs requested certain materials from defendant. On April 19, 1978, in response to this request, defendant released certain documents to plaintiffs. Of the documents requested, some were released in their entirety and others were released subject to deletion or withheld pursuant to various exemptions of the FOIA. In addition, defendant forwarded to plaintiffs a 17–page inventory of the documents in its possession.

On September 22, 1978, plaintiffs filed their complaint in this action. After defendant filed its answer, counsel for plaintiffs identified certain documents as the subject of this litigation. Plaintiffs requested that defendant process some 29 designated items which appeared in the April 19, 1978 inventory. It is these 29 items which are at issue in this litigation.

On November 22, 1978, the Court ordered the Commission to submit to the Court a *Vaughn v. Rosen* index with respect to the 29 items requested by plaintiffs. Defendant complied with this order by filing three separate affidavits with the Court on December 21, 1978, January 29, 1979 and January 31, 1979, respectively. By further order of the Court, defendant on October 15, 1979, submitted to the Court for *in camera* inspection copies of all documents being withheld pursuant to Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5), and a memorandum summarizing the law enforcement proceedings concerning plaintiffs which constituted the basis for withholding investigatory records pursuant to Exemption 7 of the FOIA, 5 U.S.C. § 552(b)(7).

This matter is now before the Court on defendant's motion for summary judgment. Having given careful consideration to this motion and the memorandum in support thereof, to plaintiffs' opposition and memorandum in support, and to defendant's reply memorandum and the voluminous record in this case, the Court concludes for the reasons set forth below, that all of the documents which are the subject of this litigation have been withheld properly from plaintiffs, and that defendant's motion for summary judgment must be granted.

*Discussion*

It should be noted from the outset that most of the documents have been deleted or withheld pursuant to claims of multiple exemptions. Because the vast majority of the documents at issue are exempted properly from disclosure under either Exemption 3 or Exemption 7(A) of the FOIA, 5 U.S.C. § 552(b)(3) and (b)(7)(A), these two exemp-

tions will be discussed first. The Court will then address the documents not covered under the above exemptions and will discuss why they are exempted from disclosure on separate grounds.

## A. *Exemption 3 of the FOIA.*

█ Exemption 3 of the FOIA exempts from FOIA disclosure matters that are:

specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. 5 U.S.C. § 552(b)(3).

Thus, if it can be shown that, at the time of the filing of a FOIA request, a federal statute exists and is in effect, which either (A) requires that certain documents be withheld without agency discretion or (B) which specifically authorizes an agency to use discretion and either (i) "establishes particular criteria for withholding" or (ii) "refers to particular types of matters to be withheld", the disclosure provisions of the FOIA do not apply. In the instant case, an effective statute existed and was relied upon by defendant, which meets the criterion of subsection (B)(ii) of Exemption 3 of the FOIA.[1]

█ Section 8 of the Commodity Exchange Act (the Act), 7 U.S.C. § 12 (1976), provides, in pertinent part, that the Commission may publish information gathered in the course of its investigations "except data and information which would separately disclose the business transactions of any person and trade secrets or names of customers." Sections 12–1 and 12–3 of the Act then provide certain exceptions to this general prohibition against disclosure. Section 12–1 allows the Commission "in [its] discretion, from time to time" to disclose the identity of traders in the commodity markets and "the amount of commodities purchased or sold by each such trader." Section 12–1 also allows the Commission, when requested, to make this information available to any committee of either House of Congress or to any department of the Executive Branch, provided that this information is not publicly disclosed by the recipients, except in certain legal proceedings. Section 12–3 authorizes the disclosure of this information to the Comptroller General, when it is specifically requested for the purpose of a review or audit.

The Court concludes that the above sections of the Commodity Exchange Act, 7 U.S.C. § 12 *et seq.*, comprise a valid statutory basis for withholding from disclosure certain information. These sections meet the criterion of subsection (B)(ii) of Exemption 3 of the FOIA, because they provide for the discretionary withholding by the Commission of "particular types of matters." The focus of the Court's inquiry, therefore, must be to determine whether the specific information withheld by defendant is properly within the scope of the statutory language.

Defendant has partially or entirely withheld four separate categories of documents under Section 8 of the Commodity Exchange Act and Exemption 3 of the FOIA. First, defendant has deleted certain special code numbers that could be used to reveal the identities, business transactions, and

---

1. In its memoranda in support of the motion for summary judgment, defendant relies upon Section 8(a) of the Commodity Exchange Act, as amended by Section 16 of the Futures Trading Act of 1978, Pub.L. 95–405, 92 Stat. 873. This reliance is misplaced, because Section 8(a) of said Act did not become effective until October 1, 1978, approximately nine months after the time of plaintiffs' FOIA request. Defendant must rely, therefore, on the statute in effect at the time of the request, which was Section 8 of the Commodity Exchange Act, 7 U.S.C. § 12 (1976). While the Court notes that Section 8 of the Act granted the Commission a broader discretion in deciding whether to disclose certain protected information than does the present Section 8(a), the Court agrees with defendant that "information the disclosure of which is now generally prohibited by Section 8(a) of the Act . . . was also prohibited from disclosure . . . by Section 8 of the Act" and that information now being withheld under the alleged authority of Section 8(a) could properly be withheld under "the prior language of Section 8 of the Act." See Rothberg Affidavit II, Exhibit A, p. 1, fn. 2.

market positions of persons other than plaintiffs. Secondly, defendant has deleted the identity of persons who have commodity futures positions and information which reveals the magnitude of those positions. Thirdly, defendant has withheld the broker assigned account numbers of persons other than plaintiffs. Finally, defendant has deleted other information regarding the business intentions, business transactions, trading strategy, and market positions of persons other than plaintiffs.

The Court concludes that all of the information described above falls within the ambit of Section 8 of the Commodity Exchange Act and that defendant was authorized to withhold these documents from disclosure to plaintiffs.

### B. *Exemption 7(A) of the FOIA*

■ Exemption 7(A) of the FOIA permits the withholding of "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would [*inter alia*] interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). As recently stated by the United States Supreme Court, the primary purpose of this exemption was to "prevent 'harm [to] the Government's case in court' . . . by not allowing litigants 'earlier or greater access' to agency investigatory files than they would otherwise have" through the normal discovery process. *NLRB v. Robbins Tire & Rubber,* 437 U.S. 214, 224–225, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978), *quoting from* S.Rep. No.813 89th Cong., 1st Sess. (1965) and *from* H.R.Rep.No.1497, 89th Cong., 2d Sess. (1966), U.S.Code Cong. & Admin.News 1966, p. 2418.

■ To justify the withholding of documents under Exemption 7(A), two statutory criteria must be met. First, the records being withheld must have been created "as part of an agency inquiry into specific conduct which might be found to have violated a statute or regulation administered by that agency", O'Reilly, *Federal Information Disclosure*, Ch. 17, p. 17–17, and this investigation must relate to a "concrete prospective law enforcement proceeding." *NLRB v. Robbins Tire & Rubber, supra,* at 232, 98 S.Ct. at 2322. Secondly, it must be shown that the premature disclosure of these records would, in some significant way, "interfere" with the agency's enforcement efforts. In the present case, defendant has met this burden of proof.

■ The *Vaughn* affidavits in this case describe, in detail, the kinds of material for which this exemption has been claimed and explain why disclosure would interfere with ongoing Commission administrative and investigative proceedings. This material falls into several categories. The Commission withheld information which reflected the identity of voluntary confidential sources and the substance of their comments to the Commission staff. The Commission withheld this information on the grounds that its disclosure would predictably hinder its investigations by "closing a channel of useful, voluntarily submitted information," Rothberg Affidavit I, Exhibit A, Discussion of p. 35, and that it would reveal the directions already taken and to be taken of these investigations. The Commission also withheld information which revealed the methods of its investigations, since its disclosure would have allowed plaintiffs to "anticipate the presentation of evidence in any [prospective] administrative or legal proceeding." Rothberg Affidavit II, Exhibit A, Discussions of pp. 203–204. Finally, the Commission withheld a variety of information which summarized and analyzed the evidence already gathered, since the disclosure of these documents would have prematurely exposed the Commission's legal arguments.

Plaintiffs assail defendant's withholding of this information on the grounds that defendant has applied Exemption 7(A) in too sweeping a fashion and that non-investigatory records have been withheld. The Court disagrees. Contrary to plaintiffs' assertion, the Court finds that the *Vaughn* index is sufficiently clear to enable it to distinguish between enforcement and non-enforcement materials. Furthermore, the Court has examined many of the undeleted

documents for which an Exemption 7(A) claim has been raised.[2] This examination satisfied the Court that the Exemption 7(A) claims have been judiciously and appropriately invoked.

For the foregoing reasons, the Court concludes that defendant was justified in withholding from disclosure all of the documents listed in its *Vaughn* index for which an Exemption 7(A) claim was made.

### C. Materials Outside the Scope of the FOIA Request

 Plaintiffs' initial FOIA request was for information which "concerned" either plaintiff. Defendant withheld a limited number of documents asserting that they were outside the scope of this request, and alternatively argued that they were withheld properly pursuant to FOIA exemptions.

Plaintiffs challenge the Commission's interpretation of their request and argue that the documents described above are being withheld wrongfully from them. They contend that because "plaintiffs have been subject to Commission action on the grounds that their trading positions were allegedly excessive or had some alleged market impact," Plaintiffs' Opposition, p. 13, information which "concerns" any other large commodity traders also "concerns" plaintiffs. Without reaching the question of the applicability of the other claimed exemptions, the Court holds that the Commission properly withheld these materials. To define "concern" in the manner suggested by plaintiffs would indeed "expand their original FOIA request to include virtually every piece of paper in Commission files nationwide." Defendant's Reply to Plaintiffs' Opposition, p. 9. Plaintiffs had the duty to specify more carefully the information they were seeking.

### D. Exemption 5 of the FOIA

The only document listed in the *Vaughn* index which is not exempted by one or more of the categories discussed above is an item found in the Rothberg Affidavit II, Exhibit A, Discussion of pp. 214–215 of Exhibit B. The Commission deleted part of a document which contained the "personal opinions of certain Commission employees", claiming that these were part of the Commission's "internal consultative process" and exempted from disclosure, therefore, by Exemption 5 of the FOIA.

 Exemption 5 of the FOIA provides that an agency may withhold documents which are "inter-agency or intra-agency memorandums or letters which would not be available by law to a [private party] in litigation with the agency." The purpose of this exemption is to protect the integrity of the agency decisionmaking process by permitting a free flow of information to those charged with making policy. *EPA v. Mink*, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). It is well-established that Exemption 5 of the FOIA protects, *inter alia*, from disclosure intra-governmental communications expressing predecisional deliberations. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

 The Court has examined, *in camera*, the document at issue and concludes that the material being withheld is an intra-governmental communication expressing a predecisional deliberation. It is properly exempted from disclosure by Exemption 5 of the FOIA and the legal doctrine interpreting that provision.

For the reasons discussed in this memorandum opinion, the Court concludes that all of the materials withheld by defendant are exempted properly from disclosure to plaintiffs. Defendant's motion for summary judgment is granted and this action is dismissed.

---

**2.** On September 28, 1979, the Court ordered defendant to submit copies of all documents being withheld pursuant to Exemption 5 of the FOIA for *in camera* inspection. Most of these documents were also claimed to be exempted from disclosure by Exemption 7(A).