**FEDDERS CORPORATION, Plaintiff,**

v.

**FEDERAL TRADE COMMISSION, Howard E. Shapiro and Carol M. Thomas, Defendants.**

No. 80 Civ. 0932 (GLG).

United States District Court, S. D. New York.

July 30, 1980.

**326**

Weisman, Celler, Spett, Modlin & Wertheimer, New York City, for plaintiff; James David Jacobs, New York City, of counsel.

John S. Martin, Jr., U. S. Atty. for the Southern District of New York, New York City, by Jane E. Booth, Asst. U. S. Atty., New York City, for defendant United States of America.

Michael N. Sohn, General Counsel, Federal Trade Commission, W. Dennis Cross, Asst. Gen. Counsel, Washington, D. C., by Judith R. Schneider, New York City, Claude Trahan, Jr., Washington, D. C., Christopher G. Fitzpatrick, New York City, for defendant Federal Trade Commission.

## OPINION

GOETTEL, District Judge:

Recent times have not been kind to the Fedders Corporation ("Fedders"), a manufacturer of air conditioning and heating products. Over the last six years (with the exception of 1978) the company has shown a consistent loss in operations. At the same time, and particularly within the last year, Fedders has also been the subject of a number of investigations into both its products and its practices conducted by the Federal Trade Commission ("FTC"). This action, though brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, relates to the latest of these investigations. Faced with the prospect of having to comply with an FTC subpoena, which, it claims, evidences "a new Commission investigation whose demands [dwarf] those of the previous" investigations, Fedders has turned to the FOIA in an attempt to gain access to material that it hopes will allow it effectively to oppose judicial enforcement of the FTC subpoena.

The investigation that apparently has precipitated the instant action has been carried out by the New York Regional Office ("NYRO") of the FTC, for the stated purpose of determining whether Fedders has engaged in any unfair or deceptive practices in connection with: (1) the advertising or offering of any written warranty on any of the air conditioners it manufactures or sells; and (2) the performance of any duty required of it under the terms of

such warranty. In furtherance of this investigation, the NYRO sought, first through voluntary compliance, and on September 11, 1979, by a subpoena duces tecum, certain documents from Fedders.

Fedders has opposed, and continues to oppose, compliance with the subpoena.[1] In doing so it has asserted that it has been consistently denied adequate information about the FTC investigation and that, as a result, it has been unable to contest the necessity for compliance effectively. Accordingly, Fedders requested information on July 10, 1979 under the FOIA. Although partial access to the requested documents was granted by the FTC on August 9, 1979 (the documents were not actually produced, however, until a number of months later), Fedders contends that it continues to be denied the essential information and documentation. As all administrative remedies have now been exhausted,[2] Fedders has filed this action in an attempt to force disclosure.

The documents sought by Fedders have been classified in two categories.[3] Category A documents essentially consist of complaint "letters directed to the Commission and to public and private consumer affairs agencies from or on behalf of consumers, and independent Fedders dealers, distributors and servicers." Category B documents essentially consist of "typed and handwritten notes and reports of interviews conducted by Commission staff members." Affidavit of John O'Brien in support of Defendant's Motion for Summary Judgment, at 2. As to both categories of documents, the FTC has asserted that under the terms of exemption 7(A) of the FOIA, 5 U.S.C. § 552(b)(7)(A), which exempts from the Act "investigatory records compiled for law en-

forcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings," production is not required. Accordingly, it has now moved for summary judgment.

In enacting exemption 7 of the FOIA, "Congress recognized that law enforcement agencies had legitimate needs to keep certain records confidential, lest the agencies be hindered in their investigations," and therefore structured the exemption so as to prevent any potential litigants from obtaining " 'earlier or greater access' to agency investigatory files than they would otherwise have." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224–25, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978) (quoting H.R.Rep.No. 1497, 89th Cong., 2d Sess. (1966)). Thus, despite the general policy of the FOIA favoring full disclosure, *see EPA v. Mink*, 410 U.S. 73, 80 n. 6, 93 S.Ct. 827, 832 n. 6, 35 L.Ed.2d 119 (1973), requested documents may be withheld when disclosure would interfere with an ongoing agency investigation.

We first turn our attention to the question of whether the materials requested fall into the category of "investigatory records compiled for law enforcement purposes." No dispute exists as to the current pendency of the FTC investigation of, and law enforcement proceedings against, Fedders. Fedders asserts, however, that at the time many of the complaint letters, contained in Category A, were received by the FTC, no investigation was pending, and thus, that such documents do not fall within the ambit of exemption 7(A) as records *compiled* for law enforcement purposes.

---

1. At present, a proceeding to enforce the subpoena is pending before this Court. *Federal Trade Commission v. Fedders Corp.*, No. M–18–304 (S.D.N.Y., filed Apr. 11, 1980). The parties to that proceeding have been able to negotiate a means for production, at least as to the initial documents being sought.

2. An appeal was filed on December 17, 1979 with the FTC's general counsel. By letter dated January 24, 1980, this appeal was denied.

3. Plaintiff has withdrawn without prejudice its request for documents denominated as Category C, which essentially consist of internal notes prepared by Commission attorneys. Plaintiff has also withdrawn without prejudice its request for a *Vaughn v. Rosen* index.

■ Unsolicited complaint letters received by the FTC prior to the contemplation or institution of an investigation are, at the time of receipt, quite obviously not records compiled in connection with an ongoing investigation. This does not mean, however, that such material cannot thereafter become subject to exemption 7(A). Where, as in the instant action, such documents or information are later compiled into a record for a pending or active investigation, and such investigation is pending or active at the time the request is made,[4] disclosure may be withheld under exemption 7(A). Thus, in *New England Medical Center Hospital v. NLRB*, 548 F.2d 377 (1st Cir. 1976), the court found exempt from production under exemption 7(A) records that, though contained in a closed file, and though initially compiled in connection with another, different, enforcement proceeding, were, at the time the FOIA request was made, relevant to a new, pending, enforcement proceeding. As the court there noted, "[t]his is not a case where an agency seeks to bury files which have served their purpose, but one where the closed file documents remain fully relevant to a specific pending enforcement proceeding, although, to be sure, not the one for which they were precisely intended." *Id.* at 385.

The documents sought in the instant action, though unsolicited when first received, have become an important part of the record compiled by the FTC for an ongoing investigation. To follow the logic of the plaintiff and exclude these documents from the scope of exemption 7(A) simply because of the manner in which they were received, and despite the fact that they were, at the time requested, an important element in the record of an active investigation, would be to exalt form over substance and to defeat the purpose for which the amendment was enacted. Accordingly, the Court concludes that the unsolicited complaint letters contained in Category A of the requested material are records that have been "compiled for a law enforcement purpose" and are within the scope of exemption 7(A). *See Koch v. Department of Justice*, 376 F.Supp. 313, 316 (D.D.C.1974). *See also Hunt v. Commodity Futures Trading Commission*, 484 F.Supp. 47, 50 (D.D.C.1979).[5]

Similarly, the assertion that the FOIA request may have been filed prior to the actual institution of formal legal proceedings, does not remove the materials requested from the scope of exemption 7(A). Exemption 7(A), it has been held, applies to investigatory records that relate not only to active law enforcement proceedings, but also to proceedings in prospect. *See Title Guarantee Co. v. NLRB*, 534 F.2d 484, 492 (2d Cir.), *cert. denied*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976); *National Public Radio v. Bell*, 431 F.Supp. 509, 513–15 (D. D.C.1977).

In the instant action the FTC was, at the time the FOIA request was filed, actively engaged in an investigation of certain practices of Fedders. This investigation was for the purpose of instituting legal proceedings against Fedders in the near future, provided sufficient basis was established, and could not be termed merely a routine information gathering process of possible use in some future proceeding. *See Committee on Masonic Homes of R. W. Grand Lodge, F. & A. M. of Pennsylvania v. NLRB*, 556 F.2d 214, 219 n. 6 (3d Cir. 1977).[6] As the pro-

---

4. The 1974 amendments to the FOIA made it clear that exemption 7(A) applied only to records for an active or pending law enforcement proceeding and did not serve to "endlessly protect material simply because it was in an investigatory file." *NLRB v. Robbins Tire & Rubber Co., supra*, 437 U.S. at 230, 98 S.Ct. at 2321.

5. The Court finds no support for plaintiff's position in the recent decision of *Hunt v. Commodity Futures Trading Commission, supra*, upon which it has relied. In *Hunt*, the court simply restated the requirement that the "rec-

ords being withheld must have been created 'as part of an agency inquiry into specific conduct.'" 484 F.Supp. at 50. As this Court has discussed, the complaint letters, though unsolicited when received, had been, at the time the FOIA request was filed, compiled into the record of an ongoing and active investigation.

6. In *Church of Scientology of California v. United States Department of Army*, 611 F.2d 738 (9th Cir. 1979), cited by plaintiff, the court, in remanding for further proceedings, questioned whether the documents were compiled

ceedings against Fedders were thus clearly "in prospect," the Court finds that the material sought in Categories A and B were records compiled for law enforcement purposes and within the scope of exemption 7(A).

Having determined that the material sought by Fedders is within the scope of the exemption, the Court must next decide whether forced disclosure of such material would "interfere with enforcement proceedings."

■ A major purpose behind exemption 7(A) is to prevent a litigant from utilizing the FOIA to obtain premature access to the evidence and strategy to be used by the Government in the pending law enforcement proceeding. In this regard, it has been noted that such a premature release of information would tend to show a litigant the "outer limits of the [Government's] case," *New England Medical Center Hospital v. NLRB, supra,* 548 F.2d at 383, and thereby allow him to " 'anticipate the [Government's] presentation of evidence,' " *Hunt v. Commodity Futures Trading Commission, supra,* 484 F.Supp. at 50, and to "construct defenses which would permit violations to go unremedied," *Title Guarantee Co. v. NLRB, supra,* 534 F.2d at 491, resulting in the frustration of the proceedings. *See also Goodfriend Western Corp. v. Fuchs,* 535 F.2d 145, 147 (1st Cir.), *cert. denied,* 429 U.S. 895, 97 S.Ct. 257, 50 L.Ed.2d 178 (1976); *Kanter v. Internal Revenue Service,* 433 F.Supp. 812, 824 (N.D.Ill. 1977); *Firestone Tire & Rubber Co. v. Coleman,* 432 F.Supp. 1359, 1369 (N.D.Ohio 1976).

■ In the instant action, forced disclosure of the materials at this point in the ongoing investigation could seriously ham-

per the pending legal proceedings. The materials being sought—including reports of interviews conducted in furtherance of the investigation, disclosure of which could reveal the Government's strategy and emphasis, and various complaint letters, which apparently have formed the basis for the investigation—appear to be central to the case being prepared by the FTC. Disclosure of such information would, in a very real sense, provide plaintiff with the details of the "outer limits" of the Government's case. While the Court certainly does not believe that counsel for plaintiff would countenance using the information received in an improper or unethical manner, the real possibility exists, nevertheless, that the material, if disclosed, could be utilized in a way (such as by allowing plaintiff to tailor its responses to the Government's inquiries so as to provide the least possible relevant information) that would tend to frustrate the proceedings. Accordingly, disclosure may be withheld.[7]

■ Moreover, since it is well established that the FOIA was not intended to be used as a discovery device, *see NLRB v. Robbins Tire & Rubber Co., supra,* 437 U.S. at 242, 98 S.Ct. at 2327; *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 22, 94 S.Ct. 1028, 1039, 39 L.Ed.2d 123 (1974); *United States v. Murdock,* 548 F.2d 599, 601 (5th Cir. 1977), "[a]bsent a clearer indication of contrary congressional intent," the courts should not view a litigant's discovery rights to have been expanded by virtue of the Act. *Title Guarantee Co. v. NLRB, supra,* 534 F.2d at 491. Plaintiff thus may not use the Act "as a means of obtaining the release of information which would be protected from discovery in a pending or prospective en-

---

by an agency that had a properly delegated law enforcement authority (the Naval Investigative Service) and thus whether the documents had been compiled for law enforcement purposes (and not simply as part of investigation into internal operations). *Id.* at 748. In the instant action, plaintiff does not challenge the FTC's authority as a law enforcement agency capable of conducting law enforcement investigations and proceedings.

7. In its memorandum of law, plaintiff cited to *EPA v. Mink, supra,* 410 U.S. at 91–92, 93 S.Ct. at 838, and *Lead Industries Ass'n v. OSHA,* 610 F.2d 70, 82–83 (2d Cir. 1979), in support of its contention that the materials sought in the instant action would not interfere with law enforcement proceedings. Both cases, however, deal with exemption 5 to the FOIA, 5 U.S.C. § 552(b)(5), and are inapposite to the issues presented in this case.

forcement proceeding." *Kanter v. Internal Revenue Service, supra*, 433 F.Supp. at 819.[8]

Accordingly, as the documents sought by plaintiff are exempted from production under exemption 7(A) of the FOIA, defendants' motion for summary judgment must be granted. This determination is, of course, in no way prejudicial to any future request for discovery by plaintiff (defendant in the enforcement action) during the subpoena enforcement proceeding now in progress.

This action is hereby dismissed.

SO ORDERED.

---

8. While plaintiff's rights under the FOIA are not affected by the fact of its great interest in the information, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 1513 n. 10, 44 L.Ed.2d 29 (1975), the existence of the pending litigation brings into play exemption 7(A) and allows the withholding of those documents from production. *See New England Medical Center Hospital v. NLRB, supra*, 548 F.2d at 383 n. 7. These records would, of course, be available to plaintiff after the law enforcement proceeding is no longer active and the file closed.