JOHN DOE AGENCY ET AL. *v.* JOHN DOE CORP.

No. A–552.   Decided January 30, 1989

JUSTICE MARSHALL, Circuit Justice.

The Solicitor General requests that I issue a stay pending the disposition of the federal parties' petition for certiorari to review the judgment of the United States Court of Appeals for the Second Circuit.   The Second Circuit granted the request of John Doe Corporation (Corporation), a government contractor, for certain documents under the Freedom of Information Act, 5 U. S. C. § 552 (1982 ed. and Supp. IV) (FOIA).   The documents had been prepared during a 1978 audit by John Doe Agency (Agency) of certain costs incurred by the Corporation in connection with its performance of government contracts.   Eight years later, the Corporation filed

a request with the Agency under the FOIA for documents relating to this audit. The request came in the context of a grand jury investigation into possibly fraudulent activity by the Corporation in connection with its government contracts, an investigation in which these documents were believed to be relevant. 850 F. 2d 105, 106 (1988).

The Agency denied the request on November 18, 1986. It stated, apparently upon the advice of a federal prosecutor, that the documents were exempt from disclosure under Exemption 7 of the FOIA, which exempts from mandatory disclosure "records or information compiled for law enforcement purposes" to the extent disclosure gives rise to one or more specified harms. 5 U. S. C. § 552(b)(7) (1982 ed., Supp. IV). It proceeded to transfer the requested records to John Doe Government Agency (Government Agency), a federal law enforcement agency. The Corporation then filed a similar FOIA request with the Government Agency. 850 F. 2d, at 106–107.

After an administrative appeal failed, the Corporation sought *de novo* review in the Federal District Court for the Eastern District of New York. The court ordered the Agency and the Government Agency to prepare a "*Vaughn* index" (after *Vaughn* v. *Rosen*, 157 U. S. App. D. C. 340, 484 F. 2d 820 (1973), cert. denied, 415 U. S. 977 (1974)) describing the documents, and to submit the index for an *in camera* inspection. After reviewing the index, the court ruled, without elaboration, that there was a "substantial risk" that disclosure of the documents or the *Vaughn* index would jeopardize the grand jury proceedings investigating the Corporation. The court therefore ruled that the Agency and the Government Agency were not required to turn over the documents to the Corporation. 850 F. 2d, at 107.

The Court of Appeals for the Second Circuit reversed. It held that, because the documents in question were prepared in routine audits and only later transferred to a law enforcement agency, they were not "compiled for law enforcement

purposes" within the meaning of § 552(b)(7). *Id.*, at 106. The court's mandate issued on November 28, 1988. On remand, the District Court ordered that the *Vaughn* index be disclosed, and the Court of Appeals refused to stay that order. The Solicitor General, on behalf of the Agency and the Government Agency, has filed a petition for a writ of certiorari (No. 88–1083) seeking review of the Court of Appeals' determination that the documents in question were not "compiled for law enforcement purposes." The Solicitor General seeks a recall and stay, pending the disposition of the petition for a writ of certiorari, of the mandate of the Court of Appeals, and a stay of the District Court's order on remand requiring disclosure of the *Vaughn* index.

My obligation as a Circuit Justice in considering a stay application under 28 U. S. C. § 2101(f) and this Court's Rule 44 is "to determine whether four Justices would vote to grant certiorari, to balance the so-called 'stay equities,' and to give some consideration as to predicting the final outcome of the case in this Court." *Gregory-Portland Independent School Dist.* v. *United States*, 448 U. S. 1342 (1980) (REHNQUIST, J., in chambers); see also *Rostker* v. *Goldberg*, 448 U. S. 1306, 1308 (1980) (BRENNAN, J., in chambers); *Beame* v. *Friends of the Earth*, 434 U. S. 1310, 1312–1313 (1977) (MARSHALL, J., in chambers). Evaluating these factors, I am convinced that the request for a stay should be granted.

First, the balance of the equities clearly weighs in favor of a stay. The District Court, having undertaken an *in camera* review of the *Vaughn* index and other documents, specifically found that disclosure of the *Vaughn* index and the documents posed a substantial risk of jeopardizing an important ongoing grand jury investigation. The Court of Appeals did not disturb this finding, basing its judgment for the Corporation instead on its determination that Exemption 7 mandated release of the documents. The Solicitor General further supports this interest by proffering an affidavit from an Assistant United States Attorney; the affidavit states that disclo-

sure can reasonably be expected to interfere with an ongoing law enforcement investigation by apprising the targets of that investigation of the nature of the grand jury's inquiry and by facilitating hindrance of the investigation. The fact that disclosure would moot that part of the Court of Appeals' decision requiring disclosure of the *Vaughn* index would also create an irreparable injury. See *New York* v. *Kleppe*, 429 U. S. 1307, 1310 (1976) (MARSHALL, J., in chambers) ("Perhaps the most compelling justification for a Circuit Justice to upset an interim decision by a court of appeals [is] to protect this Court's power to entertain a petition for certiorari before or after the final judgment of the Court of Appeals"). Conversely, the Corporation's interest in receiving this information immediately, while significant if the Corporation's interpretation of the FOIA is correct, poses no threat of irreparable harm.

I also believe that there is a "reasonable probability" that four Justices will consider the Exemption 7 issue posed by this case sufficiently meritorious to grant certiorari, and that there is a "fair prospect" that a majority of the Court will conclude that the decision below was erroneous. *Rostker*, *supra*, at 1308 (BRENNAN, J., in chambers). The Courts of Appeals have widely differed in interpreting the meaning of the FOIA exemption for documents "compiled for law enforcement purposes." Compare *New England Medical Center Hospital* v. *NLRB*, 548 F. 2d 377, 386 (CA1 1976); *Gould, Inc.* v. *GSA*, 688 F. Supp. 689, 699 (DC 1988); *Fedders Corp.* v. *FTC*, 494 F. Supp. 325, 328 (SDNY) (holding it is the context in which the documents in question are *currently* being used rather than the purpose for which they are created that is relevant in determining whether a record was "compiled for law enforcement purposes"), aff'd, 646 F. 2d 560 (CA2 1980), with *John Doe Corp.* v. *John Doe Agency*, 850 F. 2d 105, 109 (CA2 1988) (case below); *Hatcher* v. *USPS*, 556 F. Supp. 331 (DC 1982); *Gregory* v. *FDIC*, 470 F. Supp. 1329, 1333–1334 (DC 1979) (holding that record must originally

have been compiled for law enforcement purposes to qualify under Exemption 7); see also *Crowell & Moring* v. *Department of Defense,* 703 F. Supp. 1004, 1009 (DC 1989) (reading of Exemption 7 in *John Doe Corp.* "comports with neither the plain language of the exemption nor the purpose underlying its enactment").

In light of these divergent interpretations, I believe it likely that four Justices will vote to grant certiorari. In light of the plausibility of the arguments advanced in those cases adopting a broader view of Exemption 7's compilation provision than that of the court below, there is also a "fair prospect" that a majority of the Court will vote to reverse. I therefore grant the requested stay of the enforcement of the Court of Appeals' mandate and of the District Court's disclosure order pending the disposition of the petition for a writ of certiorari in this case.

*It is so ordered.*