**UNITED STATES of America, Federal Maritime Commission, Plaintiffs–Appellees,**

v.

**INTERLINK SYSTEMS, INC., Consolidated Commodities of America, Merritt Enterprises, Inc., Liberty Shipping International, Oasis Express Lines, Javelin Lines, a division of Charles Klaus & Co., Joshua Dean & Co., Defendants,**

**Martyn C. Merritt, Ariel Maritime Group, Inc., Defendants–Appellants.**

**No. 243, Docket 92–6123.**

United States Court of Appeals, Second Circuit.

Argued Oct. 15, 1992.

Decided Jan. 22, 1993.

Mark E. Schaefer, U.S. Dept. of Justice, Civ. Div., New York City, Carol J. Neustadt, Federal Maritime Com'n, Office of Gen. Counsel, Washington, DC (Stuart M. Gerson, Asst. Atty. Gen., Otto Obermaier, U.S. Atty., for the S.D. of N.Y., Janis G. Schulmeisters, U.S. Dept. of Justice, Civ. Div., of counsel), for plaintiffs-appellees.

Erwin J. Shustak, New York City (Jalil Sanders & Heller, New York City, Ruth H. Landstrom, Susan C. Stanley, of counsel), for defendants-appellants.

Before: LUMBARD, ALTIMARI, and McLAUGHLIN, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendants-appellants Martyn C. Merritt and Ariel Maritime Group ("Ariel") appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, *J.*) enforcing an order of the Federal Maritime Commission (the "FMC"). The order directed Merritt and Ariel to pay $335,000 in fines pursuant to the Shipping Act of 1984 (the "Shipping Act"), 46 U.S.C.App. § 1712 (1984). On appeal, Merritt and Ariel contend that the district court erred in holding that it was without jurisdiction to hear the merits of the appellants' challenges to the FMC's order.

For the reasons set forth below, we affirm the judgment of the district court.

## BACKGROUND

On December 14, 1984, plaintiff-appellee the FMC issued an order directing that an investigation be made of Merritt and Ariel, among others. Merritt is the president of Ariel, a shipping company, and the aim of the FMC's investigation was to determine whether they had violated 46 U.S.C.App. § 815 (1988), which regulates interstate shipping rates. The FMC suspected Ariel of misdeclaring or underdeclaring shipments and engaging in false billing and rating practices. The FMC further directed that, if violations were established, civil penalties should be considered pursuant to 46 U.S.C.App. § 1712 (1988).

On June 12, 1985, the Administrative Law Judge ("ALJ") assigned to the matter found various defendants had violated § 815 and imposed civil fines. The ALJ determined that there was insufficient evidence that either Merritt or Ariel had committed such violations. The ALJ did not, however, foreclose the possibility that further investigation would reveal that both Ariel and Merritt were involved in violating the statute.

The FMC reviewed the ALJ's initial decision and concluded that the factual findings were inadequate. Accordingly, the FMC remanded the case on December 16, 1985 for further development of the record. The FMC included four pages of factual questions for the ALJ to investigate.

On February 11, 1987, the ALJ supplemented his initial decision with expansive factual findings on the roles and responsibilities of all parties in the violation of § 815. The ALJ concluded, on the basis of the more detailed record, that all defendants were in violation. Specifically, the ALJ found that Merritt had orchestrated the activities of all defendants and had personally controlled the operations of all corporate defendants. Accordingly, the ALJ recommended the imposition of $335,000 in fines on Ariel jointly and severally with the other corporate defendants. The ALJ declined to pierce the corporate veil and hold Merritt personally responsible for the civil penalties.

The FMC issued a final order on September 24, 1987 in which it affirmed in part the ALJ's decision but reversed the determination not to hold Merritt personally liable. Instead, the FMC, pursuant to 46 U.S.C.App. § 1712(a), held Merritt jointly and severally liable for all fines levied by the ALJ. Although Merritt and Ariel both had a statutory right to appeal the imposition of the fine under § 1712(d), no such appeal was taken by either defendant.

Almost one year later, on August 31, 1988, the United States commenced an action under § 1712(e) in the United States District Court for the Southern District of New York (Griesa, *J.*). The United States sought enforcement of the final order of the FMC and payment of the $335,000 in fines. Merritt and Ariel moved to dismiss the action on the ground that the FMC's order was not properly made. Specifically, they argued that the FMC failed to take into account their inability to pay when calculating the fines, as required by § 1712(c).

The district court denied their motion to dismiss on April 12, 1990, determining that authority of direct review of the FMC's final order was vested exclusively in the United States Courts of Appeals. Accordingly, the district court held that it was precluded from reviewing any issues going to the merits of the FMC's order.

On May 24, 1990, the district court issued an order enforcing the FMC's determination and denying Merritt's oral motion to stay the order pending appeal. The order of the district court was docketed on May 25, 1990. However, due to an administrative error by a clerk, a separate final judgment in the FMC's favor was not docketed until March 18, 1992.

Merritt and Ariel did not attempt to appeal the district court's order for over two years. On May 14, 1992, 57 days after final judgment was entered, Merritt and Ariel filed notices of appeal from the district court's order. On appeal, they argue that the district court erred in holding: (1) that it did not have the authority to review on its merits the order of the FMC imposing civil penalties on Merritt; and (2) that the exclusive jurisdiction for direct substantive review of orders of the FMC rests in the Courts of Appeals.

## DISCUSSION

### I. *Timeliness of the Appeal.*

■ Initially, we must consider the FMC's contention that this appeal is not timely, since the appellants filed their appeal of the district court's enforcement order almost two years after the docketing of the order directing that judgment be entered. The FMC argues that the May 1990 order was a final judgment that was immediately appealable. According to the FMC, the failure to appeal that order for two

years until the judgment itself was docketed in March 1992 bars an appeal now. In opposition, Merritt and Ariel argue that under the final judgment rule they were not required to appeal until final judgment was entered.

Fed.R.Civ.P. 58 provides that "[e]very judgment shall be set forth on a separate document" and that "[a] judgment is effective only when so set forth and when entered." This Court has held, however, that a party can appeal an order that has not been entered as a judgment if no further proceedings are contemplated. *John Doe Corp. v. John Doe Agency*, 850 F.2d 105, 108 (2d Cir.1988) ("[T]he failure to embody the order in a separate judgment ... will not prevent our exercising jurisdiction in light of the fact that no further proceedings in the district court were contemplated...."), *rev'd on other grounds*, 493 U.S. 146, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989). The FMC contends that since Merritt could have appealed the district court's enforcement order, the failure to do so for two years renders the appeal untimely. We disagree.

Although it is true that the appellants could have appealed the underlying order without waiting for judgment to be entered, that does not mean that a failure to appeal constituted a waiver. We stated in *John Doe* that the failure to enter judgment will not "prevent" an appeal. *Id.* This does not mean that a party must appeal the underlying order without waiting for judgment to be entered. Such a construction would render Fed.R.Civ.P. 58 meaningless, since the finality of an entered judgment would lose effect if parties could not appeal that judgment for failure to appeal the underlying order.

We therefore hold that Merritt and Ariel had a right to appeal the separate judgment when it was entered. They availed themselves of that right within the 60 days required by Fed.R.App.P. 4. Consequently, their appeal was timely.

II. *Whether the Order was "Regularly Made and Duly Issued."*

In order to compel appellants to pay the fine instituted by the ALJ, the FMC brought an enforcement action under 46 U.S.C.App. § 1712(e) (1988). In the enforcement action before the district court, Merritt and Ariel argued that the fine against them was invalid because of the alleged failure of the FMC to consider their ability to pay the fine as required under § 1712(c). The district court found, however, that it did not have jurisdiction to engage in a substantive review of the FMC's order.

Section 1712(e) provides:

> If a person fails to pay an assessment of a civil penalty ... the Commission may seek to recover the amount assessed in an appropriate district court of the United States. In such an action, the court shall enforce the Commission's order unless it finds that the order was not regularly made or duly issued.

Merritt and Ariel argue that the district court misconstrued the terms "regularly made or duly issued" to prevent an evaluation on the merits of the FMC's order. Specifically, they argue that the phrase "regularly made or duly issued" was designed to encourage district courts to be more than collection agencies for fines. Merritt and Ariel reason that the district court should have looked beyond the facial validity of the FMC's order to consider the decisionmaking of the FMC. Although the phrase "regularly made or duly issued" is not defined in the statute, the overall statutory framework supports the district court's narrow interpretation.

The starting point for reviewing a statutory directive is the plain language of the statute. *See generally United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). As noted, the FMC assessed a penalty against Merritt and Ariel under § 1712. Congress provided in subsection (d) of that statute that "[a] person against whom a civil penalty is assessed under this section may obtain review thereof" under 28 U.S.C. § 2342 (1988). 46 U.S.C.App. § 1712(d). Subsection (e), quoted above, provides that the FMC may bring an action against those who fail to pay assessments of civil penal-

ties in an "appropriate district court," which shall enforce the order "unless it finds that the order was not regularly made or duly issued." 46 U.S.C.App. § 1712(e). Thus, Congress provided one subsection for direct review of an FMC order assessing a civil fine and a separate subsection for an action by the FMC for enforcement of the order. Congress provided for a review of the merits of the order, but it did not do so in the subsection that was relevant to the enforcement action brought by the FMC.

Moreover, direct review under § 1712(d) refers to 28 U.S.C. § 2342, which vests exclusive jurisdiction in the Courts of Appeals to determine the validity of administrative orders. Under this statutory scheme, district courts are not empowered to hear direct appeals of FMC orders, let alone hear them through 1712(e), the enforcement subsection.

Finally, we note that subsection (e) is simply not cast in terms of a direct substantive appeal. Ordinarily, the party aggrieved by a decision will bring an appeal. However, the FMC, not the party aggrieved by the original order, initiates an action under § 1712(e). This section does not authorize a direct review of the merits, and we agree with the district court that its review of the FMC's order is limited to an evaluation of whether the FMC's order should be enforced, based on whether it was statutorily authorized and procedurally correct.

Although no federal court has ruled on this issue, there are decisions that have dealt with a related power of the FMC to subpoena and the district court's review of this power in an enforcement action under 46 U.S.C.App. § 828 (1988). That section also uses the "regularly made or duly issued" language to define the scope of the district court's review. In those cases, courts have explicitly or implicitly required inquiry by the district court only into whether the subpoena was within the FMC's authority and whether it was issued in accordance with the FMC's rules and procedures. *See, e.g., Government of Territory of Guam v. Sea–Land Serv.,* 958

F.2d 1150 (D.C.Cir.1992); *Federal Maritime Commission v. Caragher,* 364 F.2d 709, 718 (2d Cir.1966); *Lee v. Federal Maritime Board,* 284 F.2d 577, 580–81 (9th Cir.1960).

We agree with the district court in its determination that it did not have jurisdiction to consider the merits of the FMC's order. We find that the phrase "regularly made or duly issued" in 46 U.S.C.App. § 1712(e) only gives the district courts jurisdiction to review whether the FMC's order comports with its statutory authority and is procedurally valid. The district courts do not have jurisdiction in an enforcement action to entertain challenges to FMC orders of civil penalties on their merits.

### III. *The Exclusivity of Court of Appeals Review.*

■ Lastly, Merritt and Ariel argue that direct review of an FMC order is not vested exclusively in the Courts of Appeals. A review of the statutes and their legislative history reveals that this contention is also meritless.

According to subsection 1712(d): "A person against whom a civil penalty is assessed under this section may obtain review thereof under [28 U.S.C. § 2342]." 46 U.S.C.App. § 1712(d) (1988). Section 2342 as amended reads:

> "The court of appeals ... has *exclusive jurisdiction* to enjoin, set aside, suspend (in whole or in part), or to determine the validity of ... (3) all rules, regulations, or final orders of the FMC issued pursuant to ... (B)(iv) section 14 or 17 of the Shipping Act of 1984 (46 U.S.C.App. §§ 1713, 1716)...."

28 U.S.C. § 2342 (emphasis added). Thus, Congress provided only one avenue for direct appeal of FMC orders, and that avenue refers only to the Courts of Appeals.

Merritt and Ariel nevertheless argue that the language in § 1712(d) is only permissive, and that the district court may also review a civil penalty. They observe that § 1712(d) states that a litigant who is penalized *"may* obtain review" through § 2342. According to the appellants, this

language does not mean that this litigant *must* obtain review through that source. We disagree. The permissive "may" in § 1712(d) merely indicates that the penalized individual is not forced to appeal, but can choose to do so. If she chooses to, though, her appeal is limited by reference to the section that gives exclusive jurisdiction to the Courts of Appeals. This is the clear import of the statute.

Merritt and Ariel correctly observe that the statute giving the Courts of Appeals exclusive jurisdiction over administrative orders, 28 U.S.C. § 2342, does not refer specifically to 46 U.S.C.App. § 1712, the statute giving the FMC authorization to order civil penalties. Rather, § 2342 specifically refers only to 46 U.S.C.App. §§ 1713 or 1716. Section 1713 deals with subpoena and reparation orders by the FMC, and § 1716 deals with the FMC's authorization to prescribe rules and regulations.

The appellants are incorrect, however, to assert that by including 46 U.S.C.App. §§ 1713 and 1716 specifically in 28 U.S.C. § 2342, Congress meant to exclude the other sections of the Shipping Act. The reason those two sections are included specifically in § 2342 is because they fail to provide for direct review themselves. When Congress passed the Shipping Act of 1984, it specifically provided for review of orders assessing civil penalties under what is now 46 U.S.C.App. § 1712. However, Congress failed to similarly include provisions for review in other sections of the Act. Following passage of the Act, it became apparent to Congress that there was no general provision for review of orders and rules, other than orders assessing civil penalties under 46 U.S.C.App. § 1712, in the Act itself. To respond to this anomaly, Congress passed amendments to 28 U.S.C. § 2342 that included specific provisions granting exclusive jurisdiction to the Courts of Appeals for those other orders under the 1984 Act. In reporting on the House of Representatives bill that ultimately led to the revisions of § 2342, the House Judiciary Committee indicated the purpose of the amendments:

> The 1984 Act ... failed to expressly provide for judicial review of most of the Federal Maritime Commission Orders under that Act.... Since review of agency orders in the United States courts of appeals is available only pursuant to specific authority, the result would be that review of orders under [the] 1984 Act, other than those assessing civil penalties, could be had only in the Federal district courts.... This section [of H.R. 3570] is drafted to restore court of appeals review of the subject matter as in the past, an outcome that Congress probably assumed, but failed to accomplish when passing the 1984 Act.

H.R.Rep. No. 423, 99th Cong., 2d Sess., *reprinted in* 1986 U.S.C.C.A.N. 1545, 1556. This report explicitly states that the intention of Congress in amending 28 U.S.C. § 2342 was to give other orders of the FMC the same method of review through the Courts of Appeals *already available* for orders assessing civil penalties. That § 2342 does not specifically refer to orders assessing civil penalties under 46 U.S.C.App. § 1712 is insignificant where § 1712 refers specifically to § 2342.

Moreover, the statutory scheme again works against the appellants. One subsection of § 1712 deals with review, and refers litigants to the Courts of Appeals, and another subsection deals with enforcement, and refers litigants to the district courts. This is plain on the face of the statute. Direct appeals of the orders of the FMC can only be brought before the Courts of Appeals and cannot be maintained in the district courts. Since the appellants failed to appeal the merits of the FMC's order within the 60–day time limit imposed by 28 U.S.C. § 2344 (1988), any appeal on the merits of the order is time-barred.

## CONCLUSION

For these reasons, the judgment of the district court is affirmed.