18-99-cv
Sorin v. United States Department of Justice

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand eighteen.

Present:
> AMALYA L. KEARSE,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

_____

WILLIAM F. SORIN,

> *Plaintiff-Appellant*,

> v.                                                                    18-99-cv

UNITED STATES DEPARTMENT OF JUSTICE,

> *Defendant-Appellee*.

_____


| | |
|---|---|
| For Plaintiff-Appellant: | WILLIAM F. SORIN, *pro se*, New York, NY. |
| For Defendant-Appellee: | PETER ARONOFF, Assistant United States Attorney (Christopher Connolly, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant William Sorin ("Sorin") seeks documents related to his 2006 criminal prosecution and guilty plea in the United States District Court for the Eastern District of New York. In August 2015, Sorin filed suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), in the United States District Court for the Southern District of New York, seeking production of those documents by Defendant-Appellee United States Department of Justice ("DOJ"). On November 29, 2017, the district court (Gorenstein, *M.J.*) granted summary judgment to DOJ, holding that all of the documents that DOJ had withheld from Sorin fell within three of FOIA's statutory exemptions from disclosure. Sorin appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*　　\*　　\*

This Court reviews a district court's grant of summary judgment *de novo*. *E.g.*, *Ctr. for Constitutional Rights v. C.I.A.*, 765 F.3d 161, 166 (2d Cir. 2014). Summary judgment is appropriate only "'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). FOIA requires public disclosure of federal agencies' records unless the requested documents fall within one of FOIA's nine enumerated exemptions (the "FOIA Exemptions"). 5 U.S.C. § 552(a), (b)(1)–(9); *see also Wood v. F.B.I.*, 432 F.3d 78, 82–83 (2d Cir. 2005). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Dep't of Justice*,

19 F.3d 807, 812 (2d Cir. 1994) (citing 5 U.S.C. § 552(a)(4)(B)). To fulfill that burden, the agency may offer affidavits or declarations "giving reasonably detailed explanations why any withheld documents fall within an exemption," the allegations in support of which "are accorded a presumption of good faith." *Id.* (internal quotation marks omitted).

Sorin does not dispute the adequacy of DOJ's search, but only the applicability of the claimed FOIA Exemptions to the documents DOJ withheld. We agree with the magistrate judge that all documents withheld by DOJ fall within at least one of the FOIA Exemptions.

## I. *FOIA Exemption 3*

FOIA Exemption 3 ("Exemption 3") permits nondisclosure of matters that are "specifically exempted from disclosure" by another statute, if that statute "(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). Federal Rule of Criminal Procedure 6(e) ("FRCRP 6(e)"), concerning the secrecy of grand jury matters, qualifies as a withholding statute under Exemption 3. *See John Doe Corp. v. John Doe Agency*, 850 F.2d 105, 109 (2d Cir. 1988) (FRCRP 6(e) "is incorporated into the FOIA by" Exemption 3), *reversed on other grounds*, 493 U.S. 146 (1989). FRCRP 6(e) "covers not only the evidence actually presented to that body but also anything that may tend to reveal what transpired before it." *United States v. E. Air Lines, Inc.*, 923 F.2d 241, 244 (2d Cir. 1991).

DOJ described the documents it withheld from Sorin under Exemption 3 as: (1) communications from a law firm to federal prosecutors, accompanying the production of documents requested by grand jury subpoena and discussing the contents of specific subpoenas; and (2) communications from those federal prosecutors to that law firm referencing specific grand jury subpoenas. Because these documents "tend to reveal what transpired before" the grand jury,

3

*id.* at 244, the district court properly held that they fall within Exemption 3 and that DOJ was not required to disclose them.

## II.       FOIA Exemption 5

FOIA Exemption 5 ("Exemption 5") permits non-disclosure of "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  "This exemption encompasses traditional discovery privileges, such as the attorney-client and work-product privileges."  *Wood*, 432 F.3d at 83.   The work-product privilege shields from discovery materials that are "prepared in anticipation of litigation or for trial by or for another party or its representative."  Fed. R. Civ. P. 26(b)(3)(A); *see also In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007).  A document is "prepared in anticipation of litigation" if it may "fairly be said to have been prepared or obtained *because of* the prospect of litigation."  *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (internal quotation marks omitted) (emphasis in original).

DOJ described the documents it withheld from Sorin under Exemption 5 as: (1) emails sent between various federal law enforcement officials concerning the details of a then-ongoing criminal investigation and associated legal theories and litigation strategies; and (2) attorney-written notes, memoranda, and drafts regarding that investigation and the associated planned prosecutions.   These documents fall within the work-product privilege as communications within and among federal law enforcement agencies created in anticipation of a criminal prosecution and for the purpose of furthering that prosecution.  *See* 5 U.S.C. § 552(b)(5); *Adlman*, 134 F.3d at 1202.  Accordingly, the district court properly held that these documents fall within Exemption 5 and that DOJ was not required to disclose them.

## III.       FOIA Exemption 7(C)

4

FOIA Exemption 7(C) ("Exemption 7(C)") exempts from disclosure "records or information compiled for law enforcement purposes" to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "Exemption 7(C) requires a court to balance the public interest in disclosure against the privacy interest Congress intended the Exemption to protect." *Associated Press v. U.S. Dep't of Def.*, 554 F.3d 274, 284 (2d Cir. 2009) (internal quotation marks and brackets omitted). The privacy interests considered in this balancing are "broad" and include the "individual's control of information concerning his or her person." *Wood*, 432 F.3d at 88; *see also Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 166 (2004) (noting "special reason" to protect personal data in the context of Exemption 7(C) because law enforcement documents "often contain information about persons interviewed as witnesses or initial suspects but whose link to the official inquiry may be the result of mere happenstance"). These privacy interests are balanced against "the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *Cook v. Nat'l Archives & Records Admin.*, 758 F.3d 168, 177 (2d Cir. 2014) (internal quotation marks, alterations, and emphasis omitted). "[T]he identity of the requesting party has no bearing on the merits of his or her FOIA request." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 771 (1989). Moreover, a requester asserting that disclosure is warranted to uncover government wrongdoing "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Favish*, 541 U.S. at 174.

All of the documents that DOJ withheld under Exemption 7(C) are memoranda describing interviews conducted by a private law firm during the course of an internal investigation of Sorin's company. These documents were acquired by federal prosecutors in the course of a criminal

investigation, maintained in a criminal case file, and related to the subject matter of a criminal prosecution. They were therefore "compiled for law enforcement purposes," *John Doe*, 850 F.2d at 109, although not created by public officials.

The documents include the identities of potential witnesses in a criminal investigation—including their professional and educational histories and financial information—along with similar information about employees not interviewed in the internal investigation. The privacy interests involved are therefore substantial. *See Favish*, 541 U.S. at 166. Sorin asserts a public interest in accessing these documents to "assur[e] the accuracy" of a manuscript he prepared regarding his prosecution. Sorin Br. 6. But the particular use that Sorin intends for the requested documents is not relevant. *See Reporters Comm.*, 489 U.S at 771. Furthermore, Sorin has failed to "produce evidence that would warrant a belief by a reasonable person that [any] alleged Government impropriety might have occurred." *Favish*, 541 U.S. at 174. Accordingly, the district court properly held that these documents fall within Exemption 7(C) and that DOJ was not required to disclose them.

## IV. *Other Arguments*

Sorin additionally argues that all of these FOIA Exemptions are inapplicable after passage of the FOIA Improvement Act of 2016, Pub. L. No. 114–185, 130 Stat. 538 (2016) ("Improvement Act"). Sorin quotes language from a 2009 presidential memorandum announcing a policy that the government not keep information confidential "merely because public officials might be embarrassed by disclosure." Sorin Br. 9 (emphasis omitted) (quoting Memorandum for the Heads of Executive Departments and Agencies, 74 Fed. Reg. 4,683, 4,683 (Jan. 21, 2009)). But that language does not establish a principle that no embarrassing documents can fall within the ordinary FOIA Exemptions. As discussed above, DOJ had sound reasons for withholding these documents other than preventing embarrassment. Moreover, even by its own terms, that

6

memorandum "does not create any right or benefit, substantive or procedural, enforceable at law or in equity by any party." Memorandum, 74 Fed. Reg. at 4,683.

Finally, to the extent that Sorin argues that DOJ should release redacted documents rather than withholding the documents in full, his argument fails. With respect to the documents withheld under Exemption 5, work-product privilege protects the entirety of the withheld documents. With respect to the documents withheld under Exemption 7(C), DOJ asserted that redaction could not adequately protect the identity of witnesses because their testimony concerned their specific roles at the company under investigation. With respect to the documents withheld under Exemption 3, DOJ asserted that redaction would have left no meaningful information to be disclosed. Those assertions are entitled to a presumption of good faith, which Sorin has not attempted to rebut. *See Carney*, 19 F.3d at 812. Under these circumstances, FOIA permits withholding the documents in their entirety. *See Cook*, 758 F.3d at 178 ("A court may . . . decline to order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." (alterations omitted)).

* * *

We have considered all of Sorin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7