18-370-cv
*Grynberg v. United States Department of Justice*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand nineteen.

PRESENT:  PETER W. HALL,
          GERARD E. LYNCH,
                    *Circuit Judges*,
          PAUL G. GARDEPHE,
                    *District Judge.*\*

———————————————————————

Jack J. Grynberg, Grynberg Petroleum Company,

     *Plaintiffs-Appellants*,

     v.                                 No. 18-370-cv

United States Department of Justice

     *Defendant-Appellee*.

———————————————————————

For Appellant:           DANIEL L. ABRAMS, New York, NY

For Appellee:            EMILY E. BRETZ, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY

\*Judge Paul G. Gardephe of the United States District Court for the Southern District of NewYork, Sitting by Designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-Appellants Jack J. Grynberg and Grynberg Petroleum Company (collectively, "Grynberg") appeal the February 1, 2018 order of the district court granting summary judgment to Defendant-Appellee the United States Department of Justice ("DOJ" or "the government") and dismissing Grynberg's action against the DOJ pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Grynberg sought records related to the government's prosecution of James Giffen, which Grynberg subsequently narrowed to a request for bank records, court transcripts, and corporate records received from subpoenas directed at British Petroleum, plc and its subsidiaries or affiliates in the course of investigating the Giffen matter. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We agree with the district court that the documents at issue were properly withheld pursuant to FOIA Exemption 3, which relieves the government of its obligation to disclose "matters that are . . . specifically exempted from disclosure by statute" if the statute in question precludes public disclosure in a way that "leave[s] no discretion on the issue" or "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(A)(i-ii). The district court determined, and Grynberg does not dispute, that Fed. R. Crim. P. 6(e) and the Mutual Legal Assistance Treaty ("MLAT") between the United States and Switzerland constitute withholding statutes within the meaning of Exemption 3. Rather,

Grynberg argues that the DOJ has not sustained its burden of establishing that disclosure of the requested materials would reveal secret aspects of the grand jury proceedings subject to Rule 6(e)'s protections or that the Swiss government produced the bank records at issue expecting that they be withheld from public disclosure. We disagree. To sustain its burden of proving the applicability of a FOIA exemption, the government must "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption," and the government's affidavits or declarations must not be "controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Am. Civil Liberties Union v. Dep't of Justice*, 681 F.3d 61, 69 (2d Cir. 2012) (internal quotation marks omitted). We agree that the government has sustained its burden with respect to both categories of documents here.

First, regarding the grand jury materials, the DOJ's Declaration of Tricia Francis explains, *inter alia*, that disclosure of the documents Grynberg requested "would publicly reveal the scope and secret aspects of the grand jury investigation by showing where the Government sought its evidence, the sources of information it had relied on to develop the facts of its investigation, and the steps that the Government anticipated taking and actually took in furtherance of the investigation;" the documents also "make clear who produced them and show what criminal actions were being investigated." App. 39–40. The Francis Declaration thus establishes an ample "nexus between disclosure and revelation of a protected aspect of the grand jury's investigation," *John Doe Corp. v. John Doe Agency*, 850 F.2d 105, 109 (2d Cir. 1988), *rev'd on other grounds*, 493 U.S. 146 (1989) (internal quotation marks omitted), "demonstrat[ing] that the

3

information withheld logically falls within [Exemption 3]," *Am. Civil Liberties Union*, 681 F.3d at 69.

Grynberg has not proffered contrary evidence "sufficient to impugn [the DOJ's] affidavits or declarations," or to show "that an exemption claimed by [the DOJ] should not apply or summary judgment is otherwise inappropriate." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). His argument that the government must prove that the grand jury actually received the documents it subpoenaed before it can invoke the protection of Rule 6(e) is both unsupported by this Court's precedents and inconsistent with the grand jury subpoena's very raison d'être. *See, e.g.*, *United States v. Davis*, 702 F.2d 418, 421–22 (2d Cir. 1983) ("A grand jury has wide ranging authority to inquire into suspected violations of the criminal law; and to effectuate such investigations it may compel the production of documentary evidence or the testimony of witnesses, as it deems necessary. . . . Every piece of information bearing on the investigation has importance in the deliberations").

As to the bank records that were obtained pursuant to the MLAT with Switzerland, the district court noted that the DOJ's Declaration of Collette L. Ford from the Office of International Affairs explains that when the Swiss government transmits evidence to the United States, it regularly includes boilerplate language reiterating that use of the information is limited by Article 5 of the MLAT and specifically indicating that the Swiss government has determined that any public disclosure of the transmitted documents under FOIA "would violate the laws applicable to the [Swiss Federal Office of Justice.]" S. App. 12; App. 139–140. The district court also cited a portion of Ford's Declaration avowing that "it is understood that all of the articles contained in the U.S. – Swiss MLAT, even if not specifically invoked, apply to all evidence and information

4

provided by either country." S. App. 12; App. 142. The government's Declaration of Darian Hodge further confirms that "[d]uring the review of the documents in the Giffen case, cover letters for MLAT materials were located that include the standard language used when the Swiss Federal Office of Justice transmits evidence to the United States pursuant to the US-Swiss MLAT." S. App. 12; App. 113. These representations are "reasonably detailed" and entitle the government to a presumption of good faith. *Carney*, 19 F.3d at 812. The district court's grant of summary judgment was therefore proper.

Finally, Grynberg asks this Court to strike the language at the beginning of the district court's opinion stating that "Grynberg's litigation exploits verge on the legendary" and that "[o]ver the past fifteen years," he and his entities "have filed hundreds of lawsuits." Appellants' Br. 37–39. He also argues that the district judge's publication and legitimization of "outlandish gossip" and "false and sardonically derogatory statements" about Grynberg and his litigation activities reveal bias warranting reassignment. Appellants' Br. 40–41. As the government points out in its brief, Grynberg has cited no case where an appellate court "strikes dicta" from a district court opinion. We decline Grynberg's request to do so here. Because we affirm the decision of the district court, we need not address Grynberg's request for reassignment upon remand.

We have considered Appellants' remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5