**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ABBY J. ROTHBERG,

       Plaintiff-Appellee,

v.

LAW SCHOOL ADMISSION
COUNCIL, Law School Admission
Council, Inc., a Delaware non-profit
organization,

       Defendant-Appellant.

No. 04-1060
(District of Colorado)
(D.C. No. 04-D-118 (PAC))

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **McCONNELL**, Circuit Judges.

## I.    INTRODUCTION

Abby J. Rothberg filed a complaint against the Law School Admission

Council ("LSAC") alleging that LSAC had violated the Americans with

Disabilities Act ("ADA") by failing to provide her with reasonable

_____

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

accommodations for her learning disability in connection with taking the Law School Admissions Test ("LSAT"). Rothberg sought, inter alia, a preliminary injunction to require LSAC to allow her fifty percent extra time to complete the LSAT. The district court held a hearing on the motion and issued an order granting the preliminary injunction on February 4, 2004. Rothberg took the exam with her requested accommodation on February 7. On February 23, in response to a request for clarification from LSAC, the district court amended the order to compel LSAC to report the score Rothberg received on the February 7 exam at the same time and in the same manner as the results of other applicants. LSAC filed a notice of appeal and an emergency motion to stay the district court's injunction. This court granted that stay pending appeal and expedited the appeal. This court has jurisdiction pursuant 28 U.S.C. § 1292(a)(1). Because we conclude that the harm to Rothberg does not outweigh the harm to LSAC, we reverse.

## II.    BACKGROUND

Rothberg is a senior at Syracuse University who hopes to attend law school. Throughout her education, Rothberg has received a variety of accommodations to address her learning disability, which affects her ability to process information. The LSAC is a non-profit entity that administers the LSAT, a standardized test required for application to every accredited law school in the United States. In September 2003, Rothberg applied to the LSAC for an accommodation of fifty

percent extra time to complete the October 2003 LSAT. LSAC denied the request and Rothberg decided to take the exam in October without any accommodation. Rothberg received a score of 148 out of a possible 180 on that test. The median score was 150.

Rothberg filed a second request for accommodations in November 2003 along with new supporting information obtained from a clinical psychologist. Kim Dempsey, LSAC's disabilities specialist and manager of accommodated testing, reviewed Rothberg's request and concluded that Rothberg had not demonstrated a substantial impairment related to taking the LSAT. Rothberg declined to sit for an LSAT examination given in December 2003. After the LSAC rejected Rothberg's third request for an accommodation in January 2004, Rothberg brought suit. In her complaint, Rothberg sought an injunction compelling LSAC to provide her with the requested accommodation for the February 7, 2004 LSAT examination.

The district court scheduled a hearing on the matter and heard testimony and argument from both sides. The district court examined the evidence submitted by Rothberg concerning the diagnostic testing performed by Dr. Thomas Griffiths, the clinical psychologist hired by Rothberg in connection with her second request for an accommodation. In addition, the district court examined evidence from Dr. Lawrence Allen, who administered to Rothberg a

reading test requested by LSAC. Both Griffiths and Allen concluded that Rothberg had a learning disability affecting her ability to process written information. Both doctors recommended that Rothberg be given extra time to complete the LSAT. The district court rejected Dempsey's opinion that the disabilities diagnosed by Griffiths and Allen would not impact Rothberg's performance on the LSAT.

The court then examined what standard should apply to Rothberg's request for a preliminary injunction. The district court concluded although Rothberg's request might be subject to the heightened standard for disfavored injunctions, the heightened standard was inapplicable because Rothberg sought relief under a civil rights statute, specifically the ADA.

Applying the ordinary standard for preliminary injunctions, the court concluded that Rothberg had demonstrated a substantial likelihood of success on her ADA claim because the diagnoses of Griffiths and Allen supported her contention that she is substantially limited in the major life activities of reading and learning. Moreover, the district court concluded that because the ADA authorizes injunctive relief, Rothberg was not required to demonstrate irreparable injury. In the alternative, the court concluded that Rothberg had demonstrated irreparable injury because any relief granted after a full trial on the merits "will likely be moot, as she will have already applied to law schools using her October

score, and will have been deprived of the opportunity to demonstrate her true abilities." The district court determined that the threatened injury to Ms. Rothberg outweighed any injury that the injunction might cause LSAC because there was no evidence that LSAC would suffer any hardship in providing the accommodation to Rothberg. Finally, the district court concluded that the injunction furthers the strong public interest of requiring persons with disabilities to be accommodated as mandated by the ADA. Based on the above, the district court granted the injunction.

The district court's original written order did not require LSAC to report the score Rothberg received on the test she took with the requested accommodations. After LSAC requested clarification, the court issued an amended order requiring that the score be reported relying on the analysis of the original order.

## III. DISCUSSION

The district court's grant of a preliminary injunction is reviewed for an abuse of discretion, an error of law, or clearly erroneous factual findings. *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001). To obtain a preliminary injunction, a party must clearly establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3)

the threatened injury to the movant outweighs the injury to the other party; (4) the injunction is not adverse to the public interest.[1]  *Id.*

In this case, the district court concluded that Rothberg was not required to demonstrate irreparable harm because LSAC engaged in a prohibited act under the ADA.  While we recognize that "Congress may intervene and guide or control the exercise of the courts' discretion" regarding how injunctions are issued for violations of federal statutes, our circuit precedent does not make it clear that Congress did so through the ADA.  *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982) (referring to equity jurisdiction in stating, "we do not lightly assume that Congress has intended to depart from established principles").  We need not resolve the issue here, however, because, as explained below, even if irreparable injury to Rothberg should be presumed from a potential statutory violation we conclude that the balance of harms does not favor Rothberg.

In addition to the presumed injury resulting solely from the potential statutory violation, both Rothberg and the district court articulated alternative allegations of irreparable injury that would result from the denial of the request

---

[1] As the district court noted, certain preliminary injunction requests require the movant to meet a heightened burden.  *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).  Indeed, LSAC contends that the heightened standard should apply in this case.  Because we conclude that Rothberg has failed to demonstrate that she is entitled to a preliminary injunction under any standard it is unnecessary to determine whether the heightened burden should apply in this case.

for a preliminary injunction.  The district court concluded, in the alternative, that Rothberg would be irreparably injured because awaiting a full trial on the merits would deprive her of "the opportunity to demonstrate her true abilities" in that any relief would likely be moot as Rothberg will have already applied to law schools using her unaccommodated test score from October 2003.  In addition, the court concluded that Rothberg's injury could not be redressed by compensatory damages because her goal was to take the LSAT on a level playing field with other applicants.

Contrary to the district court's conclusion, a delay will not necessarily moot Rothberg's case.  The relief sought by Rothberg is an order mandating that LSAC report her accommodated score to various law schools.  Only Rothberg's decision to apply to law schools using her unaccommodated score and then to attend and remain at a given law school could moot that relief.   Nothing requires Rothberg to apply to law schools now.  The district court's conclusion that the plaintiff has suffered irreparable harm because she has been denied a "level playing field" is merely another way of stating that irreparable harm should be presumed from a likely statutory violation.

Rothberg asserts that any harm she will suffer as the result of the denial of a preliminary injunction is irreparable because Title III of the ADA only allows for injunctive relief, not compensatory damages.  The mere unavailability of compensatory damages, however, does not compel the conclusion that any harm

suffered by Rothberg is irreparable because the harm alleged by Rothberg is speculative. In another context, we have recently addressed the difficulty of defining what constitutes irreparable harm. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1262 (10th Cir. 2004). We noted that "the injury must be both certain and great, and that it must not be merely serious or substantial." *Id*. (quotation omitted).

Rothberg testified that she was interested in five law schools, but that she might consider other schools if her accommodated test score showed an improvement over her unaccommodated score. Thus, Rothberg identifies her injury as being "deprived of the opportunity to compete for entry into any number of law schools that she . . . could possibly get into with a better LSAT score." Of course, Rothberg is not now prevented from applying to these other law schools using her unaccommodated score and competing for entry. Her allegation is that she would have a better chance of being admitted with her accommodated score.[2] Assuming her score has improved, its affect on her chances for admission is not clear. At best then, Rothberg can only allege a delay of her application to law school. Other courts have concluded that the mere delay of educational opportunities does not constitute irreparable harm. *See, e.g., Martin v. Helstad*, 699 F.2d 387, 391-92 (7th Cir. 1983).

---

[2] Rothberg's accommodated score is not in the record.

Even assuming, however, that Rothberg would suffer irreparable harm through the delay of her entry into law school or as a result of a statutory violation, the balance of harms would not favor granting the preliminary injunction. While the district court noted the LSAC routinely grants accommodations and would suffer no hardship or loss of reputation by allowing the accommodation requested by Rothberg, that analysis fails to recognize the effect that granting a preliminary injunction will have on the LSAC.

As LSAC argued below, if the preliminary injunction is granted and LSAC is required to report Rothberg's accommodated score, all of LSAC's contentions are moot. While the district court may be correct that LSAC routinely grants accommodations, it only does so when it believes an accommodation is required. LSAC's claim that Rothberg is not entitled to an accommodation would undoubtedly be moot if it is forced to report the score. As noted above, Rothberg alone retains the power to moot her case prior to a full trial on the merits. Thus, while Rothberg may eventually find a solution for the difficulty she faces if denied a preliminary injunction, the LSAC cannot hope for relief once the injunction issues. Given that this injury cannot be redressed once the injunction issues, the district court's failure to examine how it would affect the balance of harms analysis was an abuse of discretion. *Cf. John Doe Agency v. John Doe Corp.,* 488 U.S. 1306, 1309 (1989) (holding that where the denial of a stay would cause part of a case to become moot, the denial would impose irreparable injury);

*Machlett Labs., Inc., v. Techny Indus., Inc.,* 665 F.2d 795, 798 (7th Cir. 1981) (holding that certain, permanent injury outweighs potential injury).

Because the record below on this issue is well developed and because of the urgency associated with the parties' requests for relief, we see no reason to remand on this issue. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1100 (10th Cir. 1991). While the harm alleged by Rothberg could mean a temporary delay of her educational plans, as noted above, the harm to LSAC is permanent and certain. Rothberg's year-long delay and the presumed injury resulting from a violation of the ADA does not outweigh the permanent injury to LSAC because Rothberg may pursue her goal and likewise redress the statutory violation at a later time. With the issuance of the preliminary injunction LSAC's hope of vindicating its position is extinguished.

## IV. Conclusion

Because we conclude that the district court abused its discretion by failing to consider the injury to LSAC in its balance of harms analysis and because the

harm to Rothberg does not outweigh the harm to LSAC, we **reverse** the order

granting the preliminary injunction.[3]

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[3] After LSAC requested a stay of the district court's order granting the preliminary injunction, Rothberg filed an unopposed motion to submit certain documents under seal as part of her response. Given that the motion was unopposed and the documents contain certain private information related to the diagnostic tests Rothberg completed, the motion is granted nunc pro tunc.

*Rothberg v. Law School Admission Council*, No. 04-1060
**McConnell**, J., concurring.

Although I am not fully persuaded that Ms. Rothberg's delay in being able to apply to law schools of her choice with the benefit of an accommodated test score does not constitute irreparable injury, I agree with the majority's general analysis and especially its reliance on the fact that the case will become moot if the preliminary injunction is affirmed. As a mandatory injunction that grants the plaintiff substantially all the relief she would recover after a full trial on the merits, this type of preliminary injunction is doubly disfavored, and thus should not be granted without a powerful showing regarding the balance of harms and the likelihood of success on the merits. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1099 (10th Cir. 1991). I write separately only to note that the district court hearing on this preliminary injunction was unusually rushed, and that this remand will enable both parties to give more studied attention to the difficult and important question of when the administrator of a nationwide competitive examination can be required to grant accommodations for special needs.

Unlike some ADA accommodations, on account of the competitive nature of the LSAT, it is imperative that standards for accommodations be uniform and fairly administered. That would seem to require that a record be made regarding the LSAC's criteria for granting accommodations and reasons for denying an accommodation in the particular case. Only if the claimant and her experts can

demonstrate either that the LSAC's criteria are legally deficient under the ADA or that those criteria have been improperly or incorrectly applied to her case, should she prevail. Moreover, assuming Ms. Rothberg establishes that she is entitled to an accommodation, the parties should put on evidence regarding the amount of extra time needed to put her on an equal footing, but not give her an unjustified advantage on a test for which every student would benefit from extra time.