**CENTER FOR INTERNATIONAL ENVIRONMENTAL LAW, et al., Plaintiffs,**

v.

**OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, et al., Defendants.**

**No. CIV.A.01–2350 PLF.**

United States District Court, District of Columbia.

Jan. 16, 2003.

John Martin Wagner, Oakland, CA, for plaintiffs.

Joshua Z. Rabinovitz, Anne L. Weismann, U.S. Dept, of Justice, Civ. Div., Washington, DC, for defendants.

*MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This is a Freedom of Information Act case. On December 19, 2002, the Court ordered defendants to release certain pre-

viously withheld documents relating to the recently concluded negotiations of a proposed United States–Chile Free Trade Agreement by January 17, 2003. *See Center for Int'l Envtl. Law v. Office of the United States Trade Representative,* 237 F.Supp.2d 17, 33–34 (D.D.C.2002). Defendants now seek a stay of that order pending appeal, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. Plaintiffs oppose the motion. Based upon the parties' arguments, the relevant case law and the entire record in this case, the Court concludes that a limited stay is warranted and will grant defendants' motion, subject to one condition.

In deciding whether to grant a stay pending appeal the Court must consider four factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Cuomo v. United States Nuclear Regulatory Comm'n,* 772 F.2d 972, 974 (D.C.Cir. 1985) (citing *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 844 (D.C.Cir.1977)) ("*Holiday Tours*"). On a motion for a stay, "it is the movant's obligation to justify the court's exercise of such an extraordinary remedy." *Cuomo v. United States Nuclear Regulatory Comm'n,* 772 F.2d at 978; *see also Summers v. Howard Univ.,* No. 02–7069, 2002 WL 31269623 (D.C.Cir. Oct.10, 2002) (moving party must satisfy "stringent standards required for a stay pending appeal."). The movant is not always required, however, to demonstrate a high probability of success on the merits. Instead, "[p]robability of success is in-

versely proportional to the degree of irreparable injury evidenced. A stay may be granted with either a high probability of success and some injury, or *vice versa.*" *Cuomo v. United States Nuclear Regulatory Comm'n,* 772 F.2d at 974. Here, a stay is warranted because while defendants have not shown a high probability of success on the merits, they have demonstrated "a substantial case on the merits" and irreparable harm in the absence of a stay. *See Holiday Tours,* 559 F.2d at 843.

First, although the Court ultimately did not agree with defendants' position on the merits, it is evident that defendants have made out a "substantial case on the merits." *See Holiday Tours, Inc.,* 559 F.2d at 843. As the Court noted in its Opinion, this case presents an issue of first impression and the first to involve the application of the Supreme Court's recent decision in *Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001), in the context of earlier pronouncements of the District of Columbia Circuit. *See Center for Int'l Envtl. Law v. Office of the United States Trade Representative,* 237 F.Supp.2d at 23–24. That this Court's decision centered on a novel and "admittedly difficult legal question" weighs in favor of a stay. *See Holiday Tours, Inc.,* 559 F.2d at 844–45; *compare Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group,* 230 F.Supp.2d 12, 14–15 (D.D.C.2002) (defendants failed to demonstrate substantial case on the merits where they relied on novel constitutional claim utterly unsupported by legal authority and repeatedly rejected by the courts).

Second, defendants have made a strong showing of irreparable harm because disclosure of the documents in question will render any appeal moot. *See Center for Nat'l Security Studies v. United States*

*Dep't of Justice*, 217 F.Supp.2d 58, 58 (D.D.C.2002) (granting stay of disclosure order in FOIA case pending appeal where compliance with order "would effectively moot any appeal"); *see also John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309, 109 S.Ct. 852, 102 L.Ed.2d 952 (1989) (Marshall, J., in chambers) ("The fact that disclosure would moot that part of the Court of Appeals' decision requiring disclosure of the *Vaughn* index would also create an irreparable injury."). As was true in *Providence Journal Co. v. FBI*, 595 F.2d 889 (1st Cir.1979), the irreparable harm to defendants lies in the fact that "[o]nce the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored ... Failure to grant a stay will entirely destroy appellants' rights to secure meaningful review." *Id.* at 890. This strong showing of irreparable harm—*de facto* deprivation of the basic right to appeal—further strengthen's defendant's argument for a stay pending appeal.

The remaining two factors—potential harm to plaintiffs and other individuals or to the public interest if a stay is granted—argue against a stay but ultimately do not outweigh defendants' showing of a substantial case on the merits and irreparable harm from disclosure. The Court recognizes that plaintiffs will suffer harm if a stay is granted and that the harm will become substantial if the stay is a lengthy one. Indeed, the next several months may be the only time in which plaintiffs are able to make meaningful use of the documents to which they are entitled under the

Court's Opinion. *See* Memorandum in Support of Plaintiffs' Opposition to Defendants' Motion to Stay Pending Appeal of the Court's Order of December 19, 2002 at 5–6 ("Pl.Opp."). Furthermore, the public has a strong interest in the prompt release of these documents because disclosure will bring transparency to the government's negotiation of a significant trade agreement that may affect· economic and environmental conditions for United States citizens. Release of the documents also will enable informed participation in legislative review of the agreement, which is likely to take place within the coming months. *See id.* at 6, n. 1. To some extent, therefore, the Court agrees with plaintiffs that in this situation, "justice delayed is justice denied." *Id.* at 5.

Despite these risks of harm to plaintiffs and the public interest, however, the Court concludes that a stay is warranted. Based on careful consideration of the relevant factors, particularly the case's clear presentation of "a serious legal question" and the certain irreparable harm to defendants if a stay is not granted, the Court holds that "the balance of equities" compels a stay. *Holiday Tours*, 559 F.2d at 844–45. In order to minimize the harm to plaintiffs and the public, however, the Court will issue the stay subject to one crucial condition.[1]

Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, defendants have until February 17, 2003 to file a notice of appeal in this case. During this time, the usefulness to the plaintiffs of the documents sought may diminish severely. *See* Pl. Opp. at 5–6. Unlike the defen-

---

1. Insofar as the Court's decision to grant a stay pursuant to Rule 62(c) is entirely discretionary, it follows that the Court has discretion to impose conditions upon any such stay. *See* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2904 at 517 (2d ed. 1995) ("The order [granting a stay pending appeal] can be conditioned on an appeal being taken by a stated date."). Similarly, the parties are free to appeal the Court's decision to grant a conditional stay just as they might appeal a decision to grant an unconditional stay. *See* FED. R. APP. P. 8(a)(2).

dants in *Center for Nat'l Security Studies v. United States Dep't of Justice*, defendants here have not yet filed an appeal, much less promised to seek expedited consideration from the court of appeals. *See* 217 F.Supp.2d at 58 (relying on government promise to seek expedited review in granting stay pending appeal); Memorandum in Support of Defendants' Motion to Stay Pending Appeal the Court's Order of December 19, 2002 at 1, n.1. Thus, in order to prevent unreasonable delay and to minimize the risk that the documents sought will be useless to plaintiffs by the time they are obtained, the Court will grant the requested stay only for a limited time and on the condition that defendants seek expedited consideration from the court of appeals. Specifically, the Court will stay its December 19 Order only until January 30, 2003. If defendants file a notice of an appeal and a motion for expedited consideration by this date, the Court's stay will remain in effect. If, however, defendants fail to exercise their right to appeal or fail to seek expedited consideration by January 30, the Court's stay will *expire*. Upon expiration of the stay, defendants will be required to comply with the Court's Opinion and Order by disclosing the documents in question no later than January 31, 2003. Accordingly, it is hereby

ORDERED that defendants' motion for a stay pending appeal [26] is GRANTED, subject to the condition described above; it is

FURTHER ORDERED that the Court's Order of December 19, 2002 is STAYED through January 30, 2003 and (unless modified by the court of appeals) for the duration of any appeal that is filed on or before January 30, 2003. If defendants do not file an appeal of the Court's Order and a motion for expedited consideration by January 30, 2003, the stay shall expire at midnight on that day and defendants shall comply with the Court's December 19, 2002 Order by releasing all relevant documents by January 31, 2003.

SO ORDERED.