**WALTER E. LYNCH & CO., INC., a.k.a., Residential Client Construction, Inc., Group Design Associates, Inc., and Design Foundry, Inc., Appellants,**

v.

**Richard C. FUISZ and Lorraine Fuisz, Appellees.**

**No. 04–CV–1272.**

District of Columbia Court of Appeals.

Dec. 2, 2004.

---

Stephen J. O'Brien, Washington, DC, Craig J. Franco, and F. Douglas Ross, Fairfax, VA, were on the appellants' emergency motion for stay and reply to appellees' opposition.

Seth C. Berenzweig and Kathy C. Potter, Arlington, VA, were on the appellees' opposition to appellants' emergency motion for stay.

Before TERRY and GLICKMAN, Associate Judges, and NEBEKER, Senior Judge.

NEBEKER, Senior J.

The appellees, Richard C. Fuisz and Lorraine Fuisz, are attempting to collect a judgment entered in their favor by the Circuit Court of Fairfax County, Virginia, against the appellants, Walter E. Lynch & Co., Inc., *a.k.a.*, Residential Client Construction, Inc., Group Design Associates, Inc., and Design Foundry, Inc. (collectively "WELCO"). As part of their collection efforts, the Fuiszes requested that the Superior Court issue a subpoena *duces tecum* directing WELCO's former counsel, Winston & Strawn, L.L.P., to produce communications and correspondence between the two. WELCO opposed the subpoena on the ground that it would require Winston & Strawn to disclose communications protected by the attorney-client privilege. But the court issued the subpoena over this objection, and later, on October 6, 2004, granted the Fuiszes' motion to compel Winston & Strawn to comply with the subpoena by 5:00 p.m. on October 15, 2004.

WELCO noted this appeal and filed an emergency motion for stay pending appeal at approximately 3:00 p.m. on October 15th.[1] Noting a potential non-finality jurisdictional problem, we entered an administrative stay and directed the parties to address that question as well as the merits of WELCO's motion for stay. Timely responses were received and we write now to explain the basis for our assertion of jurisdiction over this interlocutory appeal.

■ This court has jurisdiction over all final orders and judgments of the Superior Court,[2] but orders compelling discovery are not final, nor are they interlocutorily appealable under the collateral order doctrine.[3] *See Crane v. Crane,* 657 A.2d 312, 315 (D.C.1995); *Scott v. Jackson,* 596 A.2d 523, 527 (D.C.1991); *Horton v. United States,* 591 A.2d 1280, 1282 (D.C.1991); *United States v. Harrod,* 428 A.2d 30, 31 (D.C.1981) (en banc). Most courts which have considered this question concur, even if the attorney-client privilege is at risk as WELCO contends that it is in this case.[4] The reason commonly given for this conclusion was stated in *Scott, supra,* namely a party's ability to defy the order and seek immediate review of any subsequent contempt sanction.[5] This is the *Cobbledick* rule.[6] "However, under the so-called *Perl-*

1. WELCO did not comply with D.C.App. R. 8(a)(1) which requires that a party seeking a stay first file its motion in the Superior Court. The justifications it offers for this failing are thin and WELCO's eleventh hour filing in this court is a practice which we greatly disfavor. However, since it would have been impracticable to expect the trial court to act on WELCO's motion for stay within the two hours remaining before Winston & Strawn would—as it stated it would—produce documents in compliance with the October 6th order, we accepted the emergency motion for filing.

2. D.C.Code § 11–721(a)(1) (2001).

3. Under that very narrow exception, an interlocutory order is appealable if it has a final and irreparable effect on important rights of the parties. *Bible Way Church v. Beards,* 680 A.2d 419, 425 (D.C.1996) (citing *Cohen v.* *Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). To satisfy the requirements of the doctrine, an order must: (1) conclusively resolve an important and disputed question which is, (2) completely separate from the merits of the action, and is, (3) effectively unreviewable on appeal from a final judgment. *Id.* at 425–26.

4. *See Abrams v. Cades, Schutte, Fleming & Wright,* 88 Hawai'i 319, 966 P.2d 631 (1998); *Dellwood Farms, Inc. v. Cargill, Inc.,* 128 F.3d 1122 (7th Cir.1997); *Boughton v. Cotter Corp.,* 10 F.3d 746, 749–50 (10th Cir.1993); and cases cited therein.

5. 596 A.2d at 528.

6. *Cobbledick v. United States,* 309 U.S. 323, 328, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

*man* doctrine, ... a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." [7] While we have never applied the *Perlman* doctrine, we have noted its continued viability.[8] Moreover, it is routinely followed by the United States Court of Appeals for the District of Columbia Circuit [9] and other federal circuit courts of appeal.[10] We conclude the *Perlman* doctrine applies and vests us with jurisdiction in this case since Winston & Strawn, the disinterested third-party, has by affidavit [11] stated that it would comply with the order requiring production of the allegedly privileged materials.[12]

■ As for WELCO's emergency motion to stay, to succeed it must first demonstrate a likelihood of success on the merits of the claim that the trial court erred in granting the motion to compel the production of documents from Winston & Strawn.[13] WELCO argues it will succeed

because the Fuiszes have not shown that they, as putative successors akin to a bankruptcy trustee, are holders of its right to assert the attorney-client privilege, and hence of the power to waive it.[14] WELCO is correct that the cases which the Fuiszes rely upon are distinguishable, and that they have cited no controlling authority supporting their right to assert, or conversely to waive, the privilege belonging to WELCO. But the Fuiszes do rely upon persuasive authorities in pressing this claim, and the question is one which this court has never addressed. As an issue of first impression, its likely success cannot be readily determined. While it is logical to conclude that the presentation of a novel question argues against the imposition of a stay, we said long ago that "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors ...." [15] An order maintaining the *status quo* may be appropriate where a serious legal question is presented, where the movant will otherwise suffer irreparable injury, and when there is little risk of harm to the other parties or to the public interest.[16] While we offer no opinion on

---

**7.** *Church of Scientology v. United States,* 506 U.S. 9, 18 n. 11, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (citing *Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918)).

**8.** *See Scott, supra,* 596 A.2d at 529 n. 9.

**9.** *In re Sealed Case,* 330 U.S.App. D.C. 368, 146 F.3d 881 (1998); *In re Sealed Case,* 244 U.S.App.D.C. 11, 754 F.2d 395 (1985); *United States v. AT & T,* 206 U.S.App.D.C. 317, 642 F.2d 1285 (1980); *In re Grand Jury Investigation of Ocean Transp.,* 196 U.S.App.D.C. 8, 604 F.2d 672 (1979).

**10.** *See Federal Dep. Insur. Corp. v. Ogden Corp.,* 202 F.3d 454, 459 (1st Cir.2000); *In re Grand Jury Proceedings Involving Berkley & Co.,* 629 F.2d 548 (8th Cir.1980); and cases cited therein.

**11.** Attached as Ex. A to Appellants' Reply to Appellees' Opposition to the Emergency Motion for Stay.

**12.** *See In re Sealed Case, supra* note 9, 330 U.S.App.D.C. at 370, 146 F.3d at 883.

**13.** *See Barry v. Washington Post Co.,* 529 A.2d 319, 321 (D.C.1987).

**14.** *See Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985).

**15.** *In re Antioch Univ.,* 418 A.2d 105, 110 (D.C.1980) (quoting *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 182 U.S.App.D.C. 220, 222, 559 F.2d 841, 843 (1977)).

**16.** *Holiday Tours, supra* note 15, 182 U.S.App. D.C. at 223, 559 F.2d at 844; *accord, Ctr. for Int'l Envtl. Law v. Office of the United States Trade Representative,* 240 F.Supp.2d 21 (D.D.C.2003).

its merits, the question at issue in this case is serious. In addition, WELCO faces irreparable harm since the confidentiality protected by the privilege cannot be restored once disclosed.[17] Conversely, the Fuiszes will suffer only minor harm from having to delay their collection action. Finally, while the public interest is served by decisions which advance the timely collection of valid judgments, it is equally served by assuring that the attorney-client privilege is not prematurely lost.

We conclude that the "balance of equities" justifies a stay in this case,[18] but in order to minimize the harm to the Fuiszes and the public interest, we will exercise our discretion under D.C.App. R. 8(b) and hereby grant WELCO's emergency motion for stay contingent upon its posting bond in an amount to be determined by the Superior Court.

So ordered.

---

**17.** *See Ctr. for Int'l Envtl. Law, supra* note 16, 240 F.Supp.2d at 23.

**18.** *Holiday Tours, supra* note 15, 182 U.S.App. D.C. at 223–24, 559 F.2d at 844–45.